IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TITO E. MARRERO, § § Plaintiff, § § v. § § MAYOR JOHNSON AND THE § DALLAS MUNICIPALITY, *et al.*, § § Defendants. § | Case No. 3:24-cv-02690-E-BT |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tito E. Marrero, proceeding *pro se*, has filed another civil action in this district related to the sale of certain real property located in Dallas, Texas.[1] His initial pleading—entitled "Third Final Amended Complaint"—identifies nineteen different individuals and entities as defendants.[2] *See generally* Compl. (ECF No.

---

[1] *See also Marrero v. Dallas Mayors Off.*, Case No. 3:24-CV-288-E-BK; *Marrero v. Dallas Mun.*, Case No. 3:24-CV-2010-N-BK.

[2] The Court has considered that Marrero intended his Third Final Amended Complaint to be an amendment to his pleadings in *Marrero v. Dallas Mun.*, Case No. 3:24-cv-2010-N-BK (the "Prior Lawsuit"), as the pleading recites that it is a "Third and Final Amended Complaint to add three additional but certainly amenable/liable Defendants to this current Dallas Federal Court Complaint . . . ." Compl. 3. However, the Prior Lawsuit had been dismissed with prejudice—and without leave to amend—before Marrero filed his pleading in this action. *See Prior Lawsuit*, 2024 WL 4530030, at *1 (N.D. Tex. Sept. 16, 2024), *adopted by*, 2024 WL 4530139 (N.D. Tex. Oct. 18, 2024) (dismissed with prejudice *sua sponte* because "Marrero fail[ed] to present a cognizable federal claim and his factual contentions are both delusional and deficient"). Thus, no amendment was possible. And Marrero paid the filing fee for a new civil action when he filed his pleading. Accordingly, the Clerk opened a new case.

1

3). Some of those defendants have appeared, and there are two motions to dismiss pending before the Court: (1) Defendants Mayor Eric Johnson, Dallas City Attorney Tammy L. Palomino,[3] and the City of Dallas's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (the "City Defendants' Motion" (ECF No. 9)); and (2) former U.S. Attorney Leigha Simonton, Assistant Director of the FBI B. Chad Yarbrough, U.S. Bankruptcy Judge Michelle Larson, U.S. District Judge Jane Magnus-Stinson, U.S. Magistrate Judge Renée Harris Toliver, U.S. Trustee Trial Attorney Meredyth Kippes, and an Unknown Trial Attorney with the U.S. Trustee's Office's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "federal Defendants' Motion" (ECF No. 31)). For the reasons set forth below, the District Judge should GRANT Defendants' motions, DISMISS all of Marrero's claims with prejudice, and WARN Marrero that he could be subject to sanctions if he persists in filing duplicative and vexatious lawsuits.

## Background

In his "Third Final Amended Complaint," Marrero alleges he was "defrauded, extorted, and swindled" into purchasing a "defective in design HUD home" in Dallas County. Compl. 5. Defendants are City Wide Development Corp. (City Wide), "a bunch of unscrupulous lawyers, state actors, and federal actors," and "Jewish Israeli agents" who allegedly conspired against Marrero to embezzle

---

[3] Marrero's complaint names former Dallas City Attorney Christopher Caso as a defendant, but the motion to dismiss was filed on behalf of the current Dallas City Attorney, Tammy L. Palomino.

2

millions of dollars—including "well over $300,000" of Marrero's funds. *Id.* at 4, 6. Marrero alleges that City Wide "only works to do harm and steal money from the general public," "is [run] and operated by corrupt agents from Israel who work in the banks and falsely install lawyers in the justice system who are not qualified," and "use[] black people, brown people, and yellow people as their conscripts to conspire to steal more [money]." *Id.* at 5. Further detailing his "oppressive situation" as a result of this "conspiracy," *id.* at 4, 6, Marrero alleges that "Israeli agents" are "stalking and trying to poison" him. *Id.* at 4.

Marrero paid the filing fee (ECF No. 1), and the Clerk issued summons (ECF No. 4). But Marrero did not serve any defendants. Despite not being served, the City Defendants and the federal Defendants filed separate motions to dismiss (ECF Nos. 9 and 31). The remaining individual defendants and City Wide have not appeared in the case.

The City Defendants argue that Marrero's Complaint should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6)—because the City Defendants are immune from Marrero's tort claims, Marrero has not stated a violation of any constitutional right, and Marrero has failed to state a RICO claim or conspiracy claim. City Def.'s Br. 5–11 (ECF No. 10). The City Defendants also argue that Marrero's claims are barred by collateral estoppel and/or res judicata based on Marrero's previous state court cases against Sharon Middlebrooks (Case No. CC-21-00286-D) and City Wide (Case No. DC-21-08269), and City Wide's Bankruptcy Case. *Id.* at 12–15. The federal Defendants argue that Marrero's

Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and (6)—because the Fourteenth Amendment only applies to state officials, because each of the federal Defendants enjoys sovereign, absolute, or qualified immunity, and because the allegations appear to be frivolous. Fed. Def.'s Mot. 1, 8 (ECF No. 31).

Although Marrero filed numerous motions and notices, *see* ECF Nos. 12, 13, 15, 16, 21, 23, 24, 25, 26, 32, 33, 34, 35, and 36, he never filed a brief that responds substantively to any of Defendants' arguments. Accordingly, the Court considers the matter without the benefit of a response.

## Legal Standards and Analysis

A.  Rule 12(b)(6)

The City Defendants and the federal Defendants seek dismissal of Marrero's claims under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. And to the extent other named defendants have not appeared and filed a similar motion to dismiss, a district court may dismiss a complaint on its own motion under Rule 12(b)(6) for failure to state a claim upon which relief may be granted if the procedure employed is fair. *See, e.g.*, *Gaffney v. State Farm Fire and Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008). "[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up). This recommendation provides notice, and the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Def.*, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018), *adopted by*, 2018

WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33 (citations omitted).

Marrero's "Third Final Amended Complaint" presents allegations that qualify as clearly baseless, irrational, or wholly incredible and, thus, inadequate to support any cognizable claim. To the extent he invokes "RICO fraud, Money Laundering, Real Estate Fraud, Honest Services Fraud, U.S. Mail Fraud, Multitude of Attorney Rule and Code Violations, and Quid Pro Quo over acts," his allegations do not rise even to the level of "threadbare recitals" of the elements of a cause of

5

action for any viable legal claim. Marrero has therefore failed to state a claim for relief and his complaint should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

### B. Collateral Estoppel and/or Res Judicata

Alternatively, Marrero's claims are barred by collateral estoppel and/or res judicata.[4] "'[I]f a res judicata or collateral estoppel defense is established on the face of [a] complaint, it is a proper ground for dismissal' under Rule 12(b)(6)." *Oyekwe v. Rsch. Now Grp., Inc.*, 542 F. Supp. 3d 496, 506 (N.D. Tex. June 2, 2021) (quoting *Rolls-Royce Corp v. Heros, Inc.*, 576 F. Supp. 2d 765, 774 (N.D. Tex. 2008)).

---

[4] As affirmative defenses, collateral estoppel and res judicata must generally be pleaded by the defendant. *Welsh v. Lamb Cnty., Tex.*, 2024 WL 2742696, at *7 (N.D. Tex. Apr. 30, 2024); Fed. R. Civ. P. 8(c)(1). However, "it can be 'appropriate in special circumstances' for a court to address a preclusion argument *sua sponte*." *Herrara v. Wyoming*, 587 U.S. 329, 348 n. 5 (2019) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000). "Fully consistent with the policies underlying res judicata," a court may *sua sponte* dismiss an action "if [the] court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412. This judicial initiative is "not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id.* (citing *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting). The City Defendants raised collateral estoppel as an affirmative defense, arguing it applies because Marrero's allegations in this matter were fully litigated in the City Wide Bankruptcy and the previous state court case against City Wide. *See* City Def.'s Br. 13. As to the other Defendants, the Court finds that special circumstances are present here to support raising a preclusion bar *sua sponte*, as this Court's judicial resources have been previously spent on the resolution of Marrero's claims. *See Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) ("Dismissal by the court *sua sponte* on res judicata grounds, however, is permissible in the interest of judicial economy where both actions were brought before the same court.") (citing *Hicks v. Holland*, 235 F.2d 183 (6th Cir. 1956)).

6

I. <u>Collateral Estoppel/Issue Preclusion</u>

"Issue preclusion, also known as collateral estoppel, applies when '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.'" *Amrollah v. Napolitano*, 710 F.3d 568, 572 (5th Cir. 2013) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc)); *see also Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 228 (5th Cir. 2018) (per curiam) ("Issue preclusion or collateral estoppel prevents a party from litigating an issue it previously 'litigated and lost' in another action" and thus "'prevent[s] repetitious litigation of what is essentially the same dispute, . . . conserv[es] judicial resources, [ ] maintain[s] consistency, and [ ] avoid[s] oppression or harassment of the adverse party.'" (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 (1979); Restatement (Second) of Judgments § 27, cmts. c, e. (1982))). Collateral estoppel may exist between two parties even if only one of those parties was party to the case in which the issue was decided.[5] *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 575 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). The determination of a question directly involved in one action is conclusive as to that question in a second suit. *See B & B Hardware, Inc., v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015).

---

[5] As in the present case, Marrero was the plaintiff in the Prior Lawsuit.

7

### 1. *The identical issue was previously adjudicated.*

The allegations raised in Marrero's complaint, as incoherent and nonsensical as they are, are identical to his allegations in the Prior Lawsuit, which the Court held to be "both delusional and deficient." *See generally* Compl.; *Prior Lawsuit*, Compl. and Am. Compl. (ECF Nos. 3 and 12). And whether Marrero's allegations present a viable legal claim is the central issue in both the Prior Lawsuit and the present case, so the first element is satisfied.

### 2. *The issue was actually litigated.*

"An issue is actually litigated 'when it is raised by the pleadings, submitted for determination, and is actually determined.'" *Sawyer v. Long Beach Mortg. Co.*, 2011 WL 13234273, at *3 (N.D. Tex. Aug. 17, 2011) (citing *Matter of Gober*, 100 F.3d 1195, 1203 (5th Cir. 1996), *abrogated on other grounds by*, *In re Caton*, 157 F.3d 1026, 1030 n. 18 (5th Cir.1998)); *see also Stanley Tools v. Madison Mills, Inc.*, 109 F. Supp. 2d 500, 502 (E.D. La. 2000) ("The 'actually litigated' requirement does not necessitate that the issue be disposed of at trial . . . [T]o satisfy the 'actually litigated' requirement, the issue need only be presented to the adverse party with the full opportunity and motive for the adverse party to contest it.") (citing *Harris Trust & Sav. Bank v. Ellis*, 810 F.2d 700, 705 (7th Cir. 1987)). "An issue dismissed pursuant to Rule 12(b)(6) is one actually litigated for [issue] preclusion purposes." *Campbell v. Whitaker*, 2020 WL 13526621, at *4 (N.D. Ga. Mar. 18, 2020) (citing *State of Ala. ex rel. Siegelman v. U.S. E.P.A.*, 911 F.2d 499, 503 n.10 (11th Cir.

1990) ("We reject petitioners' argument that the issue was not actually litigated by anyone in the district court. The issue was dismissed for failure to state a claim.")). For example, "[a] motion to dismiss that has been briefed and ruled upon satisfies the 'actually litigated' burden." *Kelly v. First NBC Bank*, 2024 WL 1050510, at *3 (E.D. La. Mar. 11, 2024) (citing *Mack Energy Co. v. Red Stick Energy, LLC*, 2019 WL 4602242, at *6 (W.D. La. Sept. 20, 2019); *Rader v. Cowart*, 2012 WL 7005624, at *1 (W.D. La. Dec. 12, 2012)), *aff'd*, 2024 WL5056267 (5th Cir. 2024).

The Court *sua sponte* dismissed the Prior Lawsuit for failure to state a claim. *See Prior Lawsuit*, 2024 WL 4530030, at *1–2. The Court actually determined whether Marrero sufficiently pleaded his allegations, and through Judge Toliver's Findings, Conclusions, and Recommendation, provided him with notice and an opportunity to object to the finding. *Id.* An issue dismissed pursuant to Rule 12(b)(6) is one actually litigated for issue preclusion purposes, so the second element is satisfied.

3. *The previous determination was necessary to the decision.*

The Court's previous determination in the Prior Lawsuit—that Marrero failed to state a claim for relief—was necessary to its decision to dismiss his case with prejudice under Rule 12(b)(6), so the third element is satisfied.

In sum, collateral estoppel bars Marrero's claims in this lawsuit because the identical issues were previously adjudicated and actually litigated in the Prior Lawsuit and the determination on those issues was necessary to the decision. And

because collateral estoppel bars Marrero's claims, Defendants are entitled to dismissal.

## II.     Res Judicata/Claim Preclusion

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999); citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.")). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters*, 428 F.3d at 571 (citation omitted). The Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* (citation omitted). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, L.L.C.*, 365 F.3d at 395–96). The facts making up a transaction are "determined pragmatically";

10

however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.* (internal quotation marks and citation omitted).

1. *The parties are identical or in privity.*

The first element of res judicata requires the parties to be identical or in privity. *Hou. Pro. Towing Ass'n v. City of Hou.*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013)). Parties are identical or in privity when both parties to the current litigation were parties to the prior litigation or in privity with parties to the prior litigation. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1341 (5th Cir. 1996) (citing *Coal. of Cities for Affordable Util. Rates v. Pub. Util. Comm'n*, 798 S.W.2d 560, 563 (Tex. 1990)) (analyzing the elements of res judicata under Texas law, which are the same as the federal elements).

The Prior Lawsuit and Marrero's present claims involve thirteen identical parties: the three City Defendants; five of the Federal Defendants (former U.S. Attorney Leigha Simonton, Assistant Director of the FBI B. Chad Yarbrough, U.S. Bankruptcy Judge Michelle Larson, U.S. District Judge Jane Magnus-Stinson, U.S. Magistrate Judge Renée Harris Toliver[6]); and Attorney Kevin Wiley, Attorney Matthew Durham, City Wide, its board, and its realtor Sharon Middlebrooks. *See Prior Lawsuit*, 2024 WL 4530030, at \*1; Compl. 1–2 (ECF No. 3). And the six non-

---

[6] Though not listed as a defendant in the Court's recommendation in the Prior Lawsuit, U.S. Magistrate Judge Renée Harris Toliver was listed as a defendant in Marrero's Amended Complaint on the docket. *See Prior Lawsuit*, Am. Compl. (ECF No. 12).

identical parties—U.S. Trustee Trial Attorney Meredyth Kippes and an Unknown Trial Attorney with the U.S. Trustee's Office, 193rd Judicial District Judge Bridgette Whitmore, 101st Judicial District Judge Stacy Williams, Attorney Victor John, and Attorney John Carpenter—are nevertheless in privity with the identical parties.

"Privity" with respect to res judicata "is recognized as a broad concept, which requires [the Court] to look to the surrounding circumstances to determine whether claim preclusion is justified." *Russell v. SunAm. Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). In itself, "the term privity . . . does not state a reason for either including or excluding a person from the binding effect of a prior judgment, but rather it represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977) (quoting Allan D. Vestal, Preclusion/Res Judicata Variables: Parties, 50 Iowa L. Rev. 27 (1964)).

The Fifth Circuit "recogniz[es] privity in three circumstances: '(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit.'" *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 345 (5th Cir. 2023) (citing *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990)). Here, the Court concludes that U.S. Trustee Trial Attorney Meredyth Kippes and an Unknown Trial Attorney with the U.S. Trustee's Office, Judicial District Judges Whitmore and Williams, and Attorneys Victor John

and John Carpenter's interests were adequately represented by the defendants to the Prior Lawsuit. *See*, *e.g.*, *Fam. C.L. Union v. State*, 386 F. Supp. 3d 411, 441 (D. N.J. 2019) (finding that state court judges stood in privity with judges who were defendants in parents' prior actions because "the legal interests of the judges in both suits [were] identical"), *aff'd*, 837 F. App'x 864 (3d Cir. 2020); *see also Bloomquist v. Brady*, 894 F. Supp. 108, 114 (W.D. N.Y. 1995) ("Caselaw holds that privity exists between officers of the same government."). Accordingly, the first element is satisfied.[7]

   2. *<u>A court of competent jurisdiction rendered judgment in the prior action.</u>*

The second element of res judicata requires that a court of competent jurisdiction rendered the prior action's judgment. *Comer*, 718 F.3d at 467 (citation omitted). A court of competent jurisdiction—this Court—rendered judgment in the Prior Lawsuit. *See Prior Lawsuit*, J. (ECF No. 18). Accordingly, the second element is satisfied.

   3. *<u>The prior action concluded by a final judgment on the merits.</u>*

---

[7] To the extent Judges Whitmore and Williams and Attorneys Victor John and John Carpenter are not in privity with the defendants in the Prior Lawsuit, the Court may still dismiss Marrero's claims against those defendants with prejudice under Federal Rule of Civil Procedure 12(b)(6) because Marrero fails to allege sufficient facts to state a claim for relief against those defendants. Alternatively, the Court may dismiss Marrero's claims against those defendants without prejudice under Federal Rules of Civil Procedure 41(b) and 4(m) because Marrero never filed proof of service with the Court as to those defendants and failed to prosecute this lawsuit. *See* Pl.'s Mot. 6, 19-20, 71 (ECF No. 8). And to the extent Marrero's claims against those defendants may be considered new claims, Marrero has waived any right to assert them because they could have been asserted in the Prior Lawsuit.

The third element of res judicata requires the prior actions to have been concluded by a final judgment on the merits. *Comer*, 718 F.3d at 467 (citation omitted). "A Rule 12(b)(6) dismissal with prejudice is a final judgment on the merits for res judicata purposes." *Balogun v. JP Morgan Chase*, 2016 WL 3675592, at *7 (N.D. Tex. May 31, 2016) (citing *Stevens v. Bank of Am.*, N.A., 587 F. App'x 130, 133 (5th Cir. 2014)), *adopted by*, 2016 WL 3613179 (N.D. Tex. July 6, 2016). The Court in the Prior Lawsuit *sua sponte* dismissed all Marrero's claims with prejudice under Rule 12(b)(6). Accordingly, the third element is satisfied.

   4. <u>The same claim or cause of action has been involved in both present and prior actions.</u>

Last, the fourth element of res judicata requires the same claim or cause of action to have been involved in both the present and prior actions. *Comer*, 718 F.3d at 467 (citation omitted). But the claims asserted need not be identical—"[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown*, 442 U.S. at 131 (citations omitted).

When the claim or cause of action is not identical, the Fifth Circuit applies the transactional test to determine "whether two suits involve the same claim or cause of action." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citing *Petro-Hunt, L.L.C.*, 365 F.3d at 395). This test examines whether "the two cases under consideration are based on 'the same nucleus of operative facts,' . . . rather than the type of relief requested, substantive theories advanced, or types of

rights asserted." *Id.* (citing *In re Southmark Corp.*, 163 F.3d at 934; *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)); *accord Hou. Pro. Towing Ass'n*, 812 F.3d at 447. Courts are to consider pragmatically which facts constitute a "transaction" or "series," "giving weight to . . . whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Hou. Pro. Towing Ass'n*, 812 F.3d at 447 *217 (quoting *Petro-Hunt*, L.L.C., 365 F.3d at 396). "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Davenport*, 484 F.3d at 326 (internal quotations and citation omitted).

Here, Marrero's claims in the Prior Lawsuit and the present action are identical. And to the extent the claims in the two lawsuits are not identical, the Court finds that they are based on the same nucleus of operative facts: that Defendants allegedly "defrauded, extorted, and swindled" Marrero into purchasing a "defective in design HUD home" in Dallas County. Compl. 5; *see also Prior Lawsuit*, Compl. 4 (ECF No. 3) (Plaintiff alleges he "was defrauded, extorted, and swindled . . . to buy [a] defective in design HUD home sold to [him] by fraudulent means."). Accordingly, the fourth element is satisfied.

In sum, res judicata bars Marrero's claims in this lawsuit because he has filed at least one prior action (the Prior Lawsuit) involving identical parties, or parties

with whom the identical parties are in privity, that resulted in a final judgment on the merits, rendered by a court of competent jurisdiction, concerning the same claims. *See Test Masters*, 428 F.3d at 571 (citation omitted). And because res judicata bars Plaintiff's claims, Defendants are entitled to dismissal. Therefore, the Court pretermits consideration of Defendants' remaining dismissal arguments.[8]

## Sanctions Warning

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam) (citing *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764 (1980)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* (citing *Roadway Express, Inc.*, 447 U.S. at 766); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court may impose a

---

[8] The City Defendants and the Federal Defendants are also entitled to dismissal of Marrero's claims for the various other reasons identified in their motions to dismiss. But dismissal on those grounds may not result in a dismissal with prejudice or may provide Marrero an opportunity to attempt to amend his claims. Considering Marrero's vexatious behavior, the Court finds it preferable to dismiss with prejudice Marrero's claims as to all Defendants.

16

prefiling sanction on a vexatious litigant, if the following factors weigh in favor of doing so:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures*, LLC, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). Marrero has filed at least six lawsuits in this district in the past eighteen months.[9] In every case in which the Court has reached the merits, the Court has found his claims lack any merit.

Further, the Court finds his lawsuits and behavior duplicative, harassing, and burdensome to the Court and the parties who must defend against the lawsuits and manage his filings. For example, in *Marrero v. Farmers Branch Prosecutors et al*, Marrero claimed he did not serve the defendants because he recently had a

---

[9] *See Marrero v. Dallas Mayors Off.*, Case No. 3:24-cv-00288-E-BK (dismissed without prejudice for lack of subject matter jurisdiction and Court prospectively certified that any appeal would not be taken in good faith); *Marrero v. Johnson et al*, Case No. 3:24-cv-02010-N-BK (the Prior Lawsuit); *Marrero v. Farmers Branch Prosecutors et al*, 3:24-cv-02166-K-BT (action asserting various claims against Farmers Branch Prosecutors, Police Department, Municipal Judge, and jailer dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim); *Marrero v. Mayorkas et al*, Case No. 3:25-cv-00285-L-BW (action asserting various claims against former DHS Secretary Alejandro Mayorkas, El Paso Border Control, and DHS's legal counsel transferred to the Western District of Texas); *Marrero v. Dep't of Homeland Sec. et al*, Case No. 3:24-cv-02080-E-BK (same); and the present case.

complaint stolen, so he would instead "be using the 'Texas Citizen Arrest Statute' to bring several Federal Judges and regular attorneys working at that 1100 Commerce Street to justice." Case No. 3:24-cv-02166-K-BT, Am. Compl. (ECF No. 11). And in the Prior Lawsuit, after claiming that attorney defendants had not answered him about his missing $300,000, Marrero claimed he would be "forced to kill them both to prevent another citizen from being a victim of theirs." *Prior Lawsuit*, Compl. (ECF No. 3).

Marrero's other filings in this action are offensive and harassing. *See, e.g.,* Aff. (ECF No. 36) (seeking "Disqualification of this inconsiderate callous foreign plain clothed [J]ewish attorney pretending to be a professional federal judge" for "ignoring Plaintiff's Tito's [sic] paid for petitions" and complaining that "This Court is corrupt and needs replaced [sic] or a new Venue is the cure to this plain clothed [J]ewish conspiracy and money laundering with human trafficking"); Exs. (ECF No. 35) (suggesting that Marrero "is going to file another case in a better less plain clothed [J]ewish agents not American in a different Federal Court this upcoming week, because discrimination is what this corrupt court is providing . . ."); Mot. (ECF No. 33) (threatening to file a writ of mandamus "to make for force this lawless unethical court full of plain clothed foreign agents who are all Jewish embezzling millions of dollars and they are not going to stop until someone walks into this Federal Dallas Justic Center and remove them by arrest for defrauding USA for foreign state of Israel").

18

However, because Marrero has not—to the Court's knowledge—previously been warned, the District Judge should warn Marrero that he could be subject to sanctions, including monetary sanctions and an injunction preventing him from filing additional lawsuits relating to the Property, if he persists in filing duplicative and vexatious lawsuits.

## Recommendation

The District Judge should GRANT Defendants' Motions to Dismiss (ECF Nos. 9 and 31), DISMISS Marrero's Complaint with prejudice, and WARN Marrero that he could be subject to sanctions if he persists in filing duplicative and vexatious lawsuits.

**SO RECOMMENDED**.

August 1, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).